# United States Court of Appeals for the Fifth Circuit

No. 20-11216

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2026

Lyle W. Cayce
Clerk

BRIAN KEITH UMPHRESS,

*Plaintiff—Appellant*,

*versus*

DAVID C. HALL, *in his official capacity as Chair of the State Commission on Judicial Conduct*; JANIS HOLT, *in her official capacity as Secretary of the State Commission on Judicial Conduct*; DAVID M. PATRONELLA, DARRICK L. MCGILL, SUJEETH B. DRAKSHARAM, RONALD BUNCH, VALERIE ERTZ, FREDERICK C. TATE, M. PATRICK MAGUIRE, DAVID SCHENCK, STEVE FISCHER, AND CLIFTON ROBERSON, *in their official capacities as Members of the State Commission on Judicial Conduct*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-253

Before SMITH, RICHMAN, and GRAVES, *Circuit Judges*.

PER CURIAM:

The facts and legal issues are set forth in this panel's opinion in *Umphress v. Hall*, 133 F.4th 455 (5th Cir. 2025) (per curiam). We determined that the plaintiff has standing and that his claims are ripe, so we reversed the

No. 20-11216

district court's dismissal that was based on want of subject matter jurisdiction. We declined to abstain under the *Pullman* doctrine and, instead, retained jurisdiction and certified a "crucial threshold question of Texas law . . . to the Supreme Court of Texas." *Id.* at 461.

The certified question asked: "Does Canon 4A(1) of the Texas Code of Judicial Conduct prohibit judges from publicly refusing, for moral or religious reasons, to perform same-sex weddings while continuing to perform opposite-sex weddings?" The Supreme Court of Texas responded that "the answer to the certified question is no." *Umphress v. Steel*, No. 25-0288, ____ S.W. 3d ____, 2026 WL 73870, at *1 (Jan. 9, 2026) (per curiam).

We directed the parties to submit letter briefs addressing what action this court should take in light of the answer. The defendants-appellees requested this court to await any action by the Supreme Court of Texas to appellees' January 21, 2026, motion for clarification filed with that court. (The Supreme Court of Texas denied that motion on February 20, 2026.) Second, appellees suggested this matter is moot. Third, appellees recommended mediation. The plaintiff-appellant responded that there is nothing to clarify and that there is a live controversy because, among other reasons, the appellant can still seek prospective relief in the form of damages. The appellant rejected mediation because there are live questions of law not suitable to mediation. Appellant requested remand so that he can move to amend to raise a Free Exercise claim and an explicit demand for damages.

We agree with the appellant that this matter is best suited for resolution of any remaining claims and issues by the district court in the first instance. The judgment of dismissal with prejudice is VACATED and REMANDED. We place no limitation on the matters that the district court can address on remand, and we give no indication of what decisions it should announce.